## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A.No. 05-386-GMS |
| | ) |
| THOMAS L. CARROLL, et al., | ) |
| | ) |
| Respondents. | ) |

## ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

On February 17, 1998, David M. Williams was released from prison, having completed a sentence incurred as a result of a violation of parole. Little more than one month later, Williams was again incarcerated, having been arrested on March 25, 1998. Williams was released from prison on March 27, 1998 on unsecured bail. While free on bail, Williams committed new offenses, resulting in another arrest and re-incarceration on July 1, 1998. Williams remained incarcerated until September 4, 1998, on which date he was again released on bail. Williams immediately committed new offenses, resulting in his re-incarceration on September 9, 1998. Williams again posted bail and was released from prison on September 11, 1998. Williams was yet again incarcerated on October 1, 1998 when he was arrested on a capias that had been issued for his failure to appear in court. Williams remained incarcerated until his release on January 23, 1999. Williams failed to appear for trial in Superior Court. Again, a capias led to Williams' arrest and re-

incarceration on April 1, 1999. Williams has remained continuously incarcerated since April 1, 1999.

Williams' criminal conduct in 1998 and 1999 resulted in his prosecution by multiple informations (Case ID Nos. 980700549 and 9807007369) and indictments (Case ID Nos. 9803018202A, 9803018202B, and 9807002178). The first of these cases to be resolved was No. 980700549. On August 24, 1998, Williams pled guilty to one count of criminal mischief (11 *Del. C.* § 811) and was sentenced to 1 month at level V. Next, on October 13, 1998, the prosecution dismissed case ID No. 9807002178. Then, on August 25, 1999, a jury convicted Williams of all four charges in case ID No. 9803018202B: two counts of attempted second degree burglary (11 *Del. C.* §§ 531 and 825); possession of burglar's tools (11 *Del. C.* § 828); and criminal mischief (11 *Del. C.* § 811). On October 7, 1999, Williams pled guilty to second degree forgery (11 *Del. C.* § 861(b)(2)) and attempted third degree escape (11 *Del. C.* § 531 and 1251), and the prosecution dismissed the balance of the charges in case ID No. 9803018202A. The next day, October 8, 1999, Superior Court declared Williams to be an habitual offender (11 *Del. C.* § 4214(a)) and sentenced him to a total of 32 years, and 30 days, suspended after 25 years for decreasing levels of supervision. Williams resolved the last of these cases on January 11, 2000, by pleading guilty to receiving stolen property (11 *Del. C.* § 851) in case ID No. 9807007369, for which he was sentenced to 2 months at level V, suspended for probation.

Although Williams states two "grounds for relief" in his petition for writ of habeas corpus (D.I. 1 at 6-7), these two grounds are indistinguishable and can be summarized as a claim that he has a pending violation of probation that has not been

resolved by Superior Court. Based on a liberal reading of Williams' letter to this Court filed August 19, 2005, he appears to have asserted two additional claims: that his indictment for burglary improperly contained language charging attempted rape; and that his attorney never filed a direct appeal on his behalf. (D.I. 5 at 1, 3).

Williams did not appeal either of his convictions entered in the Court of Common Pleas, nor did he file post-conviction challenges to those convictions (ID Nos. 980700549 and 9807007369). In case ID No. 9803018202B, Williams did file an appeal: the Delaware Supreme Court affirmed Williams' convictions and sentences in that case on May 30, 2000. In case ID No. 9803018202A, Williams did not file a direct appeal of his convictions and sentence. Between Williams' two Superior Court cases, he filed a total of 25 motions for post-conviction relief, motions for correction of illegal sentence, and state petitions for writ of habeas corpus.

As to Williams' first claim, that relating to a pending allegation of violation of probation, he appears to ask this Court to direct the Superior Court to conduct a violation hearing. Respondents affirmatively waive the defenses of timeliness and exhaustion as to this claim. The Court should instead dismiss this particular claim because it is devoid of any factual basis. Upon review of the five separate informations and indictments by which the State prosecuted Williams since 1998, none reveals that Williams was on probation or parole at the time of these offenses. Respondents cannot locate a violation of probation charge against Williams in any prior case, and his pleadings provide no factual basis to support the notion that the State of Delaware has charged him with violating probation or parole since 1998. Because the State of Delaware has not charged

Williams with a violation of probation since his incarceration in 1998, his claim is without basis in fact and must be denied.

Turning to Williams' claim that his attorney never filed an appeal of his convictions and sentence in case ID No. 9803018202B, respondents likewise affirmatively waive the defenses of timeliness and exhaustion. Williams' first trial on these charges ended in a mistrial. On retrial, Williams exercised his constitutional right to self-representation, Superior Court appointing stand-by counsel. Contrary to Williams' factual assertions, counsel filed a notice of appeal on Williams' behalf (No. 507, 1999), and counsel filed an opening brief on appeal. The Delaware Supreme Court affirmed Williams' convictions and sentence. This Court must likewise deny this claim as factually incorrect.

Williams' claim challenging the language used in his indictment for burglary must be dismissed as unexhausted and procedurally defaulted. Section 2254(b) requires that a state prisoner seeking federal habeas relief first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented the legal and factual basis of each claim to the Delaware Supreme Court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidmantel,* 805 F.2d 135, 138 (3d Cir. 1986); *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). If the claim is fairly presented, then state remedies have

been exhausted regardless of how the state court disposes of the claim. *Smith v. Digmon*, 434 U.S. 332, 333 (1978). Williams never complained about the language used in his indictment for burglary in any claim raised before the Delaware Supreme Court. Thus, Williams' indictment language claim is unexhausted.

As to his claim challenging the language used in the indictment, Williams did not comply with state procedural requirements. Williams did not present the indictment language claim to the Delaware Supreme Court in his direct appeal. Williams cannot now return to Superior Court to file a new motion for post-conviction relief and raise the issue and appeal a denial of such motion to the Delaware Supreme Court in an attempt to satisfy section 2254's exhaustion requirement at this time. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Beatty v. Patton*, 700 F.2d 110, 112 (3d Cir. 1983); *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 2001). Were Williams to attempt such a course of action, his motion would be denied under Superior Court Criminal Rule 61(i)(1) as untimely and under Rule 61(i)(3) because the issue was not raised on direct appeal. *See, e.g., Bright v. Snyder*, 218 F.Supp.2d 573, 580 (D. Del. 2002); *DeShields v. Snyder*, 829 F.Supp. 676, 692 (D. Del. 1993). Thus, because a state remedy is no longer available to Williams, he is excused from the exhaustion requirement as to this claim. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

In turn, because of Williams' failure to raise the indictment claim, the claim is procedurally defaulted under state law. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at

750-51; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate cause for the procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McClesky v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson v. Snyder*, 988 F.Supp. 783, 805 (D. Del. 1997). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Williams has not alleged any cause for his procedural default of this claim, and the Court should accordingly dismiss Williams' indictment claim as being procedurally defaulted.

On the basis of the Superior Court dockets, it appears that the transcript of Williams' sentencing from case ID No. 9803018202B has been prepared; the proceedings from Williams' jury trial were recorded, but transcripts do not appear to have been prepared; Williams' Superior Court guilty plea and sentencing in case ID No. 9803018202A were recorded, but transcripts have not been prepared; the plea colloquies and sentencing hearings in the Court of Common Pleas (case ID Nos. 9807000549 and 9807007369) were recorded, but have not been transcribed. No hearings were held on any of Williams' state habeas petitions or motions for post-conviction relief. In the event that the Court deems production of any transcript necessary, Respondents anticipate that production of such transcripts would require at least 90 days from the issuance of any order by this Court.

The petition for a writ of habeas corpus should accordingly be dismissed.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/_____
        Gregory E. Smith, I.D. No. 3869
        Deputy Attorney General
        820 North French Street, 7th Floor
        Carvel State Building
        Wilmington, Delaware  19801

Dated: October 21, 2005        (302) 577-8398