TO: THE Honorable Gregory M. Sleet,    05-386-GMS

From: David M. Williams, 173211

11-11-2005

FILED
NOV 28 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Dear your Honor GMS,

I found some cases that state if a Lawyer didn't file to withdraw from a Client' Case, and file a notice of appeal, and another Lawyer gets the appeal this is "Cause", and "Prejuide", as ineffective assistance of Counsel.

H  In Case 28 F.3d, 1067, When Counsel has agreed to represent defendant on appeal, Counsel is required to continue to serve until released by some formal Court document or statement signed by defendant which makes abundantly clear that lawyer is no longer obligated to serve, and that defendant must acquire other Counsel by retainer or Court appointment. U.S.C.A, 6. And Case 26 F.3d, 717.

If Counsel's failure to perfect petitioner's appeal in State Court Constituted Violation of Right to effective Counsel on appeal, "Cause" and "Prejudice" standard is satified, as Constitutionally ineffective Counsel Constitutes Cause, and Prejudice is presumed when Counsel

2

fails to perfect appeal. U.S.C.A. Const. Amend. 6. In examining the district Court's order we review conclusions of law de novo. Martin v. Kaiser, 907 F.2d, 931, 933 (10th Cir. 1990). State Court factual findings, with specified exceptions, carry a presumption of correctness. 28 U.S.C. § 2254 (d); See Lujan v. Tansy, 2 F.3d 1031, 1034 (10th Cir. 1993), Cert. denied, 510 U.S. 1120, 114 S.Ct. 1074, 127 L.Ed.2d 392 (1994). We review Petitioner's Pro Se Pleadings under a liberal standard, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2nd 652 (1972). Applying that standard, we construe his argument as claims of ineffective assistance of Counsel. See Osborn v. Shillinger, 997 F.2d 1324, 1328 n.1 (10 Cir. 1993). Petitioner contends that he was denied a direct appeal of his criminal convictions through no fault of his own when retained Counsel failed to perfect his appeal Fn1.

failure of defendant to pay retained Counsel's fee does not obstruct perfection of appeal as to waive right to appeal; - lawyer can ask Court or Client to relieve him within such time that another lawyer can file record and brief the direct appeal.

3.

- It is also a fact that on the notice of appeal is MR. James Garvin, who at trial, and sentencing stated He would file my appeal, and on the "notice of appeal" is his name. Not MR. Benard O'Donnell. Who didn't file my appeal as instructed on notice of appeal.

Right to effective Counsel on appeal does not arise from State law, but from federal Constitutional law, and state law cannot operate to limit or restrict it. U.S.C.A. Const. Amend 6.

Counsel, whether retained or appointed, has duty to protect defendant's right to appeal, and Counsel cannot discharge this duty by allowing defendant's appeal time to expire without taking proper action; once defendant has indicated desire to appeal, Counsel's failure to perfect appeal when he has not been relieved of his duties through successful withdrawal constitutes violation of defendant's right to effective assistance of Counsel on appeal. U.S.C.A. Const. Amend. 6.

In Abels v. Kaiser, 913 F.2d 821 (10th Cir. 1990). As here, the defendant's retained trial Counsel filed a notice of intent to appeal following the defendant's Criminal sentencing. However-

(3)

- Counsel did not file a brief ("Mr. James Garvin, filed my notice of Appeal") within the time for perfecting an appeal).

Once the defendant indicated his desire to appeal, Counsel's failure to "perfect the appeal," when he had not been relieved of his duties through a successful withdrawal," Constituted a violation of the defendant's Constitutional right to effective assistance of Counsel on appeal.

Counsel, whether retained or appointed, has to protect a defendant's right to appeal. Counsel Cannot discharge this duty by allowing a defendant's appeal time to expire without taking proper action. See Baker v. Kaiser, 929 F.2d, 1495, 1499 (10th Cir. 1991)

Once an attorney makes an apperance, he must 'diligently proceed with the appeal including filing of a brief, until and unless withdrawal as the attorney of record is granted by the Court, 913 F.2d, at 823. We noted that Abels' Counsel had filed a notice of intent to appeal, and said this apparently Constitute(d) an apperance sufficient to bind him to this duty".

26 f. 3d, 717.
So IF Lawyer fails to show up for trial, that fact alone establishes a Constitutional flaw - even if a Judge believes that a lawyer having the defendants interest at heart, would not have cross examined the Prosecution's witness and would have rested without presenting evidence. Just so, we believe, if the Lawyer fails to show up for appeal -- which can occur either if the Lawyer fails to initiate an appeal oR if the lawyer fails to take an appeal, dispite the defendant's Request, is ineffective assistance without regard to Probability of success on appeal.
With regard to, Amended indictment, 425 A. 2d, 152, Keller v. State, D.A.G. never filed answer, with regard to, 301 A. 2d, 589 Jan. 10th 1973. Notice of Appeal, was presented to Del. Supreme Court on 11-02-99. after 30 days, Appeal is unappealable, until a decision is made on appeal, Petitioner cannot appeal. Since issues weren't Ruled on at Del. Supreme Court, Petitioner cannot file PostConviction or any kind of Relief.

- Petition cannot appeal what he doesn't know he is appealing from. according to Rule 9(e), Mr. James Garvin, ordered

1. Opening statments of the state and the defendant;
2. All Trial testimony including sidebars and office conferences during the trial.
3. Closing arguments of State and defendant; and,
   The Courts instructions to the Jury and any execption thereto.

Petitioner, states in order to appeal any denial of Supreme Court appeal a notice must be filed within 3 years) of final order for Rule 61) postconviction, and 30 days to file notice of appeal from a Rule 61) denial to Del. Supreme Court.

Petitioner cannot exhause what hasn't been final ordered from the Del. Supreme Court.

TO: MR. Greg Smith
820 N. French Street
Wilm, De 19801.
C.C.

Respectfully Submitted,

# Certificate of Service

I, __David M. Williams__ hereby certify that I have served a true and correct cop(ies) of the attached: __Letter to U.S. District Court GMS__ upon the following parties/person (s):

TO: Greg. Smith, D.A.G.
820 N. French St
Wilmington, Delaware
19801

TO: U.S. District Ct.
844 King St
Lock-Box 18 - GMS
Wilmington, Delaware
19801

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __17th__ day of __November__, 2005

David M. Williams

I/M David M. Williams
SBI# 173211    UNIT MHU-23
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

U.S. District Court
Lock-Box-18
844 King St.
Wilmington, Delaware 19801

— Gm.S.