IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 05-386-GMS |
| ) | |
| THOMAS L. CARROLL, Warden, ) | |
| ) | |
| Respondent. ) | |

———————

David M. Williams. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondent.

———————

**MEMORANDUM OPINION**

October 17, 2006
Wilmington, Delaware

Sleet, District Judge

## I. INTRODUCTION

Petitioner David M. Williams ("Williams") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. Williams filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Williams was arrested on several different occasions during 1998, resulting in his prosecution by multiple informations and indictments. (D.I. 14.) In October 1998, a grand jury returned a superseding indictment (consolidating three indictments) charging Williams with fourteen offenses. Four of the counts stemmed from Williams' arrest on March 25, 1998 for attempting to burglarize a residence in Wilmington, Delaware: two counts of attempted second degree burglary, one count of possession of burglar's tools, and one count of criminal mischief. On June 24, 1999, the Superior Court severed those four charges from the remaining eight charges, and a two-day jury trial ensued. However, the jury was unable to reach an unanimous verdict, and Williams was retried in August 1999. Petitioner represented himself during the second trial, and the court appointed stand-by counsel. The jury convicted Williams on all four offenses. *See State v. Williams*, 2000 WL 33726917, at *1 (Del. Super. Ct. Jul. 14, 2000).

In October 1999, Williams pled guilty to three of the remaining charges contained in the superseding indictment: forgery in the second degree, attempted escape in the third degree, and possession of a deadly weapon by a person prohibited. The prosecution dismissed the remaining charges. The Superior Court sentenced Williams as a habitual offender to a total of 32 years and

1

30 days incarceration, suspended after 25 years for decreasing levels of supervision. Williams appealed his convictions and sentences for burglary, possession of burglar's tools, and criminal mischief. The Delaware Supreme Court affirmed the Superior Court's judgment. *See Williams v. State*, 856 A.2d 1067 (Table), 2004 WL 1874693, at *1 (Del. Aug. 13, 2004).

Williams filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") challenging the Delaware Supreme Court's decision with respect to his August 1999 re-trial. The Delaware Superior Court denied the Rule 61 motion. *Williams*, 2000 WL 33726917, at *1. Williams did not appeal the Superior Court's decision.

### III. THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

### IV. DISCUSSION

Williams' form petition asserts two claims alleging that the Superior Court did not conduct a violation of probation hearing for a charge that has been pending since 2003. In a

letter filed subsequent to the filing of his petition, Williams contends that the indictment leading to his August 1999 conviction improperly referred to a sexual offense and also that counsel provided ineffective assistance by failing to file a notice of appeal. (D.I. 5.) The State filed an answer asking the court to dismiss the petition in its entirety. (D.I. 14.)

### A. Claim regarding pending violation of probation

As a general rule, federal courts are required to liberally construe *pro se* habeas petitions. Nevertheless, "[h]abeas corpus petitions must [also] meet heightened pleading requirements." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rule 2(c) of the Rules Governing Section 2254 Petitions, 28 U.S.C. foll. § 2254. Consequently, a habeas court cannot speculate about claims, and federal habeas petitioners must state all grounds for relief available to them and set out in summary fashion the facts underlying each claim for relief. *DeShields v. Snyder*, 830 F.Supp. 819, 823-24 (D. Del. 1993); *McFarland*, 512 U.S. at 856.

In his petition, Williams contends that a violation of probation has been pending in the Superior Court since March 18, 2003 or November 7, 2003.[1] (D.I. 1.) However, the record provided by the State does not contain any indication that violation of probation charge is currently pending against Williams. Even though Williams filed a letter in response to the State's answer, as well as exhibits, he did not address the State's contention that the State of Delaware has not charged Williams with a violation of probation since his March 1998 arrest. Additionally, the exhibits filed by Williams do not clarify the facts underlying the claim in a

---

[1] Williams separated the same argument into two distinct claims on his form petition. The court views the form petition as asserting one claim.

3

manner that the court could understand. (D.I. 15.) Accordingly, the court will deny the first claim as lacking in factual support.[2]

### B. Claims regarding improper language in the burglary indictment and ineffective assistance of appellate counsel

In 2002, Williams filed a petition for federal habeas relief challenging his August 1999 conviction. The court denied the entire petition as procedurally barred. *See Williams v. Snyder*, 2003 WL 22480168 (D. Del. Oct. 23, 2003). In June 2005, Williams filed the habeas petition currently before the court, this time asserting two new claims that the Superior Court had failed to conduct a violation of probation hearing. Because Williams' 1999 conviction did not involve a violation of probation, the claims asserted in Williams' 2005 petition appeared to challenge a different conviction than the conviction challenged in his 2001 petition, and the court permitted the petition to pass through on initial review.

Williams then filed a letter to the court asserting that: (1) the burglary indictment leading to his 1999 conviction incorrectly included the language "with intent to commit . . . a sexual offense" in violation of his Fifth Amendment rights and his right against Double Jeopardy; and (2) appellate counsel provided ineffective assistance by failing to file an appeal for criminal action numbers IN98101537 - 1540 (I.D. #9803018202B). (D.I. 5.) The State construes the

---

[2]The docket sheet attached to Williams' petition contains a "motion for credit for time previously served" filed on March 18, 2003, indicating that Williams' true contention may be that the Superior Court has not rendered a decision on that motion. Even if this alternative construction correctly states Williams' claim, the claim fails to allege an issue cognizable on federal habeas review. *See Hassine v. Zimmerman*, 160 F.3d 941 (3d Cir. 1998)(holding that a delay in processing a collateral proceeding is not cognizable in federal habeas corpus); *Mason v. Meyers*, 208 F.3d 414, 417 (3d Cir. 2000)(same). Additionally, if Williams' claim regarding the State's failure to issue a decision on his motion for credit does assert an issue cognizable on federal habeas review, the claim actually challenges his August 1999 conviction and therefore, must be dismissed as second or successive as articulated in the text of the opinion.

letter as asserting two new habeas claims, and argues that the court must dismiss the indictment claim as procedurally barred and the ineffective assistance of counsel claim as factually baseless.

With respect to his ineffective assistance of counsel claim, Williams filed a copy of an unsigned document titled "Directions to Court Reporter to Proceedings Below to be Transcribed Pursuant to Rule 9(e)" listing Criminal Action Numbers "IN98101537, IN98101538, IN98101539 and IN98101540, I..D. #9803019202B." (D.I. 5.) The court presumes that Williams filed that document to demonstrate that counsel intended to, but did not, file a notice of appeal. However, the Delaware Supreme Court's decision on direct appeal clearly designates the appeal as involving Superior Court Criminal Action Numbers IN98-10-1537 through 1540. Thus, Williams' assertion is factually incorrect.

Additionally, the court concludes that both the ineffective assistance of counsel claim and the indictment claim must be dismissed as second or successive. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996,[3] ("AEDPA"), if a federal district court denied a prior habeas petition on the merits, a state prisoner cannot submit a second or successive petition challenging the same conviction as the first petition without first obtaining permission from the appropriate court of appeal.[4] 28 U.S.C. § 2244(b)(3)(A); *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005); *In re Olabode,* 325 F.3d 166, 169-73 (3d Cir. 2003); *c.f. Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an

---

[3]Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996.

[4]Although 28 U.S.C. § 2244 refers to a second or successive habeas *application*, "the requirements of the subsection[s] are not applicable to the application as a whole; instead, they require inquiry into specific claims." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Thus, the second or successive determination can be made on a claim by claim basis.

initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"). Here, the court denied Williams' prior habeas petition on the merits,[5] and the two instant claims challenge the same August 1999 conviction challenged in Williams' first petition. Williams appears to argue that his indictment claim falls within § 2244(b)(2)'s "new rule or actual innocence" exceptions to the "second or successive" doctrine by alleging that he did not become aware of the indictment's reference to the sexual offense until he obtained a copy of the indictment in 2003. However, whether or not a claim satisfies § 2244(b)(2)'s "new rule or actual innocence" provisions is a matter for the court of appeals to determine. *See Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2646 (2005). The record reveals that Williams did not obtain permission to file the instant claims from the Third Circuit Court of Appeals. Accordingly, the court will dismiss these two claims as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also

---

[5] In accord with other circuits, the Third Circuit views a dismissal for a procedural default as an adjudication on the merits for the purpose of determining whether a subsequent habeas application is successive or second. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); *Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(explaining how, in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition.").

decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The court concludes that Williams' petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Williams' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 05-386-GMS |
| ) | |
| THOMAS L. CARROLL, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. David M. Williams' petition for the writ of habeas corpus filed pursuant to 28 U.S.C § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Dated: Oct. 17, 2006

UNITED STATES DISTRICT JUDGE



FILED

OCT 17 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE